Robb, Judge,
dissenting.
I acknowledge that Zamani did not timely file a notice of intent to assert an insanity defense by the terms of Indiana Code section 35-36-2-1. But Za-mani’s mental health was clearly an issue from the outset of this prosecution and the trial had not yet started when he made his request. Well after the omnibus date, one of the two court-appointed mental health professionals submitted a report opining that Zamani was not capable of understanding the legal proceedings or assisting his counsel, substantiating his alleged mental state. The assertion of an insanity defense could not have come as a shock to the State, and would not have prejudiced it, as no additional witnesses would have needed to be procured.
Because I believe Zamani showed good cause for allowing the filing of a notice of intent to assert an insanity defense and that such filing would be in the interest of justice,[8] I would hold that the trial court abused its discretion in denying the notice to assert an insanity defense and remand for a new trial.

. Not only would such allowing the insanity defense to be raised at trial allow the jury to evaluate all the relevant evidence, disallowing it only because it was filed late invites an ineffective assistance of trial counsel claim in a post-conviction relief proceeding.